IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:10-cr-00487-BR |
| | (3:16-cv-01246-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| STANLEY NOEL AMES, | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**JANE H. SHOEMAKER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1014

       Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
**ELIZABETH G. DAILY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Stanley Noel Ames's Motion (#201) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** Defendant's Motion but **GRANTS** Defendant a certificate of appealability.

## BACKGROUND

On December 7, 2010, Defendant was charged in an Indictment with Conspiracy to Commit Armed Bank Robbery; two counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d); two counts of Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); on count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and one count of Felon in Possession of Body Armor in violation of 18 U.S.C. § 921(a)(35).

On March 19, 2012, Defendant pled guilty to the one count of Conspiracy to Commit Armed Bank Robbery; the two counts of Armed Bank Robbery; and one of the two counts of Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence.

On August 6, 2012, Senior District Judge Garr M. King held a sentencing hearing and sentenced Defendant to a 60-month term of

imprisonment on the conspiracy count and 100-month terms of imprisonment on both of the armed bank robbery counts to be served concurrently. Judge King also imposed a mandatory minimum consecutive sentence of 120 months on the count of Using, Carrying, Brandishing and Discharging a Firearm and sentenced Defendant to five years of supervised release.

On August 8, 2012, the Court entered a Judgment. Defendant did not appeal his conviction.

On June 24, 2016, Defendant filed a Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which he asserts the Court's sentence imposed as to the § 924(c) count violates the Constitution or laws of the United States because "the underlying offense of armed bank robbery no longer qualifies as a crime of violence" after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On December 20, 2017, Defendant's Motion to Vacate was fully briefed, and the Court took it under advisement.

## **DISCUSSION**

Defendant moves to modify or to set aside his sentences on the ground that the underlying offense of armed bank robbery no longer qualifies as a crime of violence after the Supreme Court's decision in *Johnson*. Alternatively, Defendant asserts the Supreme Court's decision in *Dean v. United States*, 137 S. Ct.

3 - OPINION AND ORDER

1170 (2017), provides a separate ground for resentencing based on the correct interpretation of the sentencing provisions in 18 U.S.C. §§ 924(c), 3584(a), and 3553(a).

The government asserts Defendant was not sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and, therefore, *Johnson* does not apply to this matter. The government also asserts *Dean* is not retroactively applicable on collateral review, and, as a result, Defendant's Motion is untimely.

**I.   The Law**

    **A.   AEDPA Timeliness Requirements**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), motions to vacate or to set aside sentences pursuant to § 2255 are subject to a one-year limitation period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(1), (3). Defendant does not dispute his June 25, 2016, Motion to Vacate is untimely under § 2255(f)(1) because he filed it more than one year after his sentence became final. Defendant, however, asserts his Motion to Vacate is

4 - OPINION AND ORDER

timely under § 2255(f)(3) because of the Supreme Court's ruling in *Johnson* and/or the Supreme Court's decision in *Dean*.

B.  **The ACCA and *Johnson***

The ACCA requires a defendant to be sentenced to a mandatory minimum prison term of 15 years to life if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts refer to the first clause, § 924(e)(2)(B)(I), as the elements clause; the first part of the disjunctive statement in (ii) as the enumerated-offenses clause; and the second part of the disjunctive statement in (ii) (starting with "or otherwise") as the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson* the Supreme Court held "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process" on the

5 - OPINION AND ORDER

basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. Subsequently in *Welch v. United States* the Supreme Court held its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. The Court specifically noted in *Johnson*, however, that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony." 135 S. Ct. at 2653.

**II. Plaintiff's Ground for Relief under *Dean***

Defendant asserts the Supreme Court's holding in *Dean* requires resentencing and satisfies the timeliness requirement of § 2253(f). As noted, the government asserts *Dean* is not retroactively applicable to cases on collateral review and, therefore, does not satisfy the requirement of § 2255(f)(3).

In *Dean* the Supreme Court held a sentencing court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) when determining the appropriate sentence for the predicate offense. *Dean*, 137 S. Ct. at 1176 ("Nothing in § 924(c) restricts the authority conferred

on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").

Although the Ninth Circuit has not addressed the issue, courts that have considered this issue have concluded *Dean* is not retroactively applicable to cases on collateral review.  *See, e.g., United States v. Cooley*, No. 1:09-cr-331, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017)(concluding *Dean* was not retroactively applicable to cases on collateral review and, therefore, did not satisfy the criteria of § 2255(f)(3)); *United States v. Thornbrugh*, No. 89-CR- 0067-CVE, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017)("The Supreme Court did not expressly make *Dean* retroactively applicable to cases on collateral review, and no court has found that *Dean* applies retroactively.  Even if it did apply retroactively, *Dean* does not state a mandatory rule that would entitle defendant to a sentencing reduction and merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."); *United States v. Taylor*, No. 7:12CR00043, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017)("*Dean* does not apply retroactively to § 2255 proceedings."); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding

retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017)("[T]here is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review."); *In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying certification because the defendant did not make "a *prima facie* showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *United States v. Adams*, No. 7:06-cr-22-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017)(dismissing the defendant's § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings); *Morban-Lopez v. United States*, 3:17-cv-237-GCM, 2017 WL 2682081, at *2 n.2 (W.D.N.C. June 21, 2017)("[T]he Supreme Court's ruling in *Dean* does not render the motion to vacate timely under Section 2255(f)(3).").

This Court adopts the reasoning of these cases. The Court, therefore, finds the Supreme Court did not indicate in *Dean* that its decision was retroactively applicable on collateral review. In addition, this Court finds *Dean* merely reaffirms the clearly-established proposition that a sentencing court has the

8 - OPINION AND ORDER

discretion to depart from the sentencing guidelines absent the applicability of a statutory mandatory minimum sentence. Accordingly, the Court concludes *Dean* is not retroactively applicable on collateral review and, therefore, does not satisfy the requirements of § 2255(f)(3) or render Defendant's Motion timely.

**III. Plaintiff's Ground for Relief under *Johnson***

As noted, Defendant asserts armed bank robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) after the Supreme Court's decision in *Johnson*, and, therefore, his sentence should be vacated.

    **A.   Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

18 U.S.C. § 924(c)(1)(A) provides in relevant part that a person who "in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years" to run consecutively with the punishment for the underlying crime of violence. 18 U.S.C. § 924(c)(3) defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

9 - OPINION AND ORDER

As noted, courts refer to the (A) clause of section 924(c)(3) as the "force clause" and to the (B) clause of section 924(c)(3) as the "residual clause."

   **B.   Analysis**

In *United States v. Wright* the Ninth Circuit held armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence under the "force" clause of § 924(c)(3)(A). 215 F.3d 1020, 1028 (9th Cir. 2000). The court explained § 2113(a) necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another and, therefore, 'a taking by force and violence, or by intimidation' is an element of armed bank robbery." *Id*.

In *United States v. Selfa* the Ninth Circuit held unarmed bank robbery in violation of § 2113(a) constitutes a crime of violence under the force clause of United States Sentencing Guideline § 4B1.2, which is identical to the force clause of § 924(c). 918 F.2d 749, 751 (9th Cir. 1990). Specifically, the court "defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Id.* (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The court concluded this definition met the requirement of a "threatened use of physical force" under the

10- OPINION AND ORDER

identical force clause in the Sentencing Guidelines.  *Id*.

Defendant concedes the holdings in *Wright* and *Selfa* appear to foreclose his challenge to his sentences, but he asserts those cases have been undermined by the Supreme Court's subsequent decisions in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Johnson* in addition to the Ninth Circuit's decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1123 (9th Cir. 2006). The Ninth Circuit, however, has rejected this argument in several decisions issued after *Johnson*.  For example, in *United States v. Cross* the Ninth Circuit concluded *Selfa* and *Wright* remain controlling law in this Circuit even after *Leocal* and *Johnson* and the Ninth Circuit rejected the defendant's assertion that unarmed bank robbery does not require violent force or intentional conduct.  691 F. App'x 312, 312 (9th Cir. 2017).  The court noted "intimidation under § 2113(a) requires the necessary level of violent physical force as defined by *Johnson*," and, "as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force and therefore does not conflict with *Leocal* . . . or *Fernandez-Ruiz*." *Id*. at 313.  The Ninth Circuit concluded "no intervening higher authority is clearly unreconcilable with *Selfa* and *Wright*, and those precedents are controlling here." *Id*. (quotation omitted). *See also United States v. Pritchard*, 692 F. App'x 349 (9th Cir. 2017)(rejecting

the argument that *Wright* and *Selfa* were overruled by *Leocal* and/or *Johnson*); *United States v. Jordan*, 680 F. App'x 634, 634-35 (9th Cir. 2017)(holding § 2113(a) is a crime of violence and rejecting the argument that later cases overruled or displaced *Wright* and/or *Selfa*); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016)(affirming *Selfa*'s continued vitality). Although these opinions that bolster *Wright* and *Selfa* are unpublished and, therefore, not precedential, this Court remains bound by *Wright* and *Selfa*. In addition, the Court adopts the reasoning of *Cross, Pritchard, Johnson,* and *Howard* and concludes unarmed bank robbery satisfies the requirement of § 924(c)(3)(A). The Court, therefore, concludes § 2113(a) is a crime of violence under the force clause of § 924(c) and, thus, Defendant's sentences were not imposed in violation of the Constitution or the laws of the United States.

In summary, the Court denies Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to § 2255.

**IV. Certificate of Appealability**

Because the legal issues raised in Defendant's Motion are not clearly established and because Defendant's arguments have the possibility of reasonable disagreement, the Court grants Defendant a certificate of appealability.

12- OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#201) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and **GRANTS** Defendant a certificate of appealability.

IT IS SO ORDERED.

DATED this 15th day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge